IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| KEITH RAMON ALLEN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Civil Action Nos.  5:12-00189 |
| ) | Criminal Action No. 5:03-00032-2 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's "Motion to Withdraw and Dismiss Claim" (Document No. 284.), filed on September 26, 2014. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 266.)

**FACTUAL BACKGROUND**

On April 8, 2003, Movant pled guilty to one count of Distribution of a Quantity of Cocaine Base (Count 14) in violation of 21 U.S.C. § 841(a)(1). (Criminal Action No. 5:03-00032, Document Nos. 90 and 91.) Movant was sentenced on August 14, 2003. (Id., Document Nos. 123 and 124.) The District Court ordered that Movant serve a 156-month term of incarceration to be followed by a three-year term of supervised release. (Id.) The District Court also imposed a $100 special assessment and a $2,000 fine. (Id.) Movant filed his Notice of Appeal on August 25, 2003. (Id., Document No. 119.) In his appeal, Movant argued as follows: (1) The District Court erred in applying a career offender sentencing enhancement; and (2) Movant's sentence violated United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). On May 5, 2006, the Fourth Circuit Court of Appeals affirmed Movant's sentence. United States v. Allen, 446 F.3d 522 (4th Cir. 2006).

By Memorandum Opinion and Order entered on April 16, 2009, the District Court denied Movant's Motion for Retroactive Application of Sentencing Guidelines regarding his Crack Cocaine Offense. (Criminal Action No. 5:03-00032, Document No. 216.) The District Court reasoned that Movant was sentenced as a career offender and the guideline range applicable to Movant was not lowered as a result of the amendment. (Id.)

On January 26, 2012, Movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Civil No. 5:12-0189, Document Nos. 263 and 264.) As grounds for *habeas* relief, Movant argues that he was improperly sentenced as a career offender based upon Carachuri-Rosendo v. Holder, 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).[1] (Id., Document No. 263, pp. 6 - 7.) Movant states that the District Court considered three prior offenses where he received "a minimum of six months imprisonment to a maximum of eight months

---

[1] In 2010, the United States Supreme Court decided *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010). In *Carachuri-Rosendo*, the Supreme Court held that when determining whether a conviction is an 'aggravated felony' for purposes of the Immigration and Nationality Act, the Court must look at the defendant's actual conviction and not the offense for which he could have possibly been convicted based on his conduct. *Id.* Subsequently, the Fourth Circuit decided *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). In *Simmons*, the Fourth Circuit vacated defendant's sentence in light of *Carachuri-Rosendo*. *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). The Fourth Circuit determined that a prior conviction under North Carolina law is punishable by more than one year of imprisonment only if the defendant's conviction, based on his individual offense characteristics and criminal history, allowed for such a sentence. *Id.* at 244. Thus, the Fourth Circuit held that in order for a prior felony conviction to qualify as a predicate offense, the individual defendant must have been convicted of an offense for which the defendant could be sentenced to a term exceeding one year. *Id.* On August 21, 2013, the Fourth Circuit determined that *Simmons* is retroactive to cases on collateral review that involve claims of actual innocence of an underlying Section 922(g) conviction. *Miller v. United States*, 2013 WL 4441547 (4th Cir. Aug. 21, 2013).

imprisonment under the North Carolina Structured Sentencing Act."[2] (Id., Document No. 264, p. 5.) Movant contends that the "District Court improperly aggregated the three six to eight month sentences into one 18 to 24 month sentence, which improperly gives Mr. Allen a second controlled substance offense for purposes of the career offender enhancement." (Id., p. 9.) Movant, therefore, argues that the above predicate offenses were improperly considered for the career offender enhancement. (Id.)

Movant began serving his three-year term of supervised release on May 24, 2013. (Criminal Action No. 5:03-00032, Document No. 269.) On July 2, 2014, United States Probation Officer Brett S. Taylor filed a "Petition for Warrant or Summons for Offender Under Supervision" alleging that Movant had violated certain conditions of his supervised release. (Id.) The District Court granted the Petition and issued a warrant for Movant's arrest. (Id., Document Nos. 269 and 270.) On September 23, 2014, the District Court conducted a Revocation Hearing and determined that Movant violated certain conditions of his supervised release. (Id., Document Nos. 281 and 282.) The District Court, therefore, revoked Movant's term of supervised release and imposed a 16-month term of incarceration. (Id., Document No. 282.) The District Court further noted that Movant agreed to "move to dismiss his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2255" and "[u]pon completion of his term of incarceration, the defendant will not be subject to any further supervision by the United States Probation Office." (Id.)

On September 26, 2014, Movant, by counsel, filed his "Motion to Withdraw and Dismiss Claim" requesting that the Court "permit him to withdraw the motion for relief under 28 U.S.C. §

---

[2] Movant states that he was "arrested on May 4, 1995, in Dobson, Surry County, North Carolina, for selling cocaine on three separate dates, December 20, 1994; January 5, 1995; and April 25, 1995, to undercover officers in North Carolina." (Document No. 264, p. 4.)

2255." (Civil Action No. 5:12-0189, Document No. 284.) In support of his Motion, Movant states as follows:

> 1. During the pendency of the motion to vacate, petitioner was subject to a petition to revoke his supervised release in Case No. 5:03-CR-00032-2.
>
> 2. On September 23, 2014, petitioner appeared upon such petition before the Honorable David Faber. At such time, the issues outstanding with reference to the revocation proceeding were resolved by agreement of the parties, and an acceptance of such agreement and proposed disposition by the court.
>
> 3. Pursuant to such agreement, petitioner admitted a portion of the alleged violations of the supervised release. Pursuant to such agreement, and upon finding of such violations, petitioner was incarcerated for a period of 16 months, at the conclusion of which he will not be subject to any further period of supervised release.
>
> 4. As part of such agreement, petitioner agreed to withdraw the pending motion to vacate, pursuant to 28 U.S.C. § 2255.
>
> 5. Additionally, the conclusion of petitioner's incarceration, and there being no further supervised release period petitioner's motion for relief would, at such time be moot.

(Id., pp. 1 - 2.) Movant, therefore, requests that his Section 2255 Motion be withdrawn. (Id.)

**ANALYSIS**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a Movant may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the

4

court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Respondent has neither filed an Answer to Movant's Motion nor otherwise pled. Accordingly, the undersigned respectfully recommends that Movant's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i). See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## **PROPOSED FINDINGS AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Movant's "Motion to Withdraw and Dismiss Claim" (Document No. 284.), **DISMISS** Movant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody"

(Document No. 263.), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: September 29, 2014.

*[signature]*
R. Clarke VanDervort
United States Magistrate Judge